UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JASON LEVINE COSBY MCWILLIAMS,

Plaintiff,

vs.

AMBER IRVINE, and SAN DIEGO SUPERIOR COURT MENTAL HEALTH DEPARTMENT,

Defendants.

Case No.: 26-CV-5876 TWR (JLB)

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

(ECF Nos. 1–2)

Plaintiff Jason Levine Cosby McWilliams, proceeding *pro se*, has filed a Complaint for a Civil Case ("Compl.," ECF No. 1) against Amber Irvine, his putative conservator, and the Mental Health Department of the San Diego Superior Court, for appointing him a mental health conservator who restricts his ability to travel, along with an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("IFP Mot.," ECF No. 2). For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

/ / /

/ / /

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $405.[1] 28 U.S.C. § 1914(a). A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed *in forma pauperis* ("IFP") by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (2015). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobedo*, 787 F.3d at 1234. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's affidavit indicates that he is unemployed and receives $1,233.94 per month in disability benefits, (*see* IFP Mot. at 1–2); owns no assets, (*see id.* at 3); and spends $1,100 per month on rent. (*See id.* at 4). By the Court's calculation, Plaintiff has only $133.94 remaining every month. The Court therefore concludes that Plaintiff has met his burden of demonstrating that paying the $405 filing fee will result in his inability to afford the necessities of life and **GRANTS** Plaintiff's IFP Motion (ECF No. 2).

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Having granted Plaintiff's IFP Motion, the Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, courts shall review and *sua sponte* dismiss any complaint or part thereof that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Pursuant to Rule 8, a pleading must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that complaints "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Plaintiff's Complaint, which is handwritten on a form, alleges that "On Date 2/28/2024" he was "Put On Conservatorship That Does Not Allow Me To Exercise My First Amendment Rights" and prevents him from "Travel[ing] To Run For President Of

The United States." (*See* Compl. at 5). Plaintiff further demands that he "Need[s] Rep[a]rations of $20 Billion…As An Individual Who Is Running For President With Disabilities." (*See id.*). The Complaint contains multiple substantially similar repetitions of these allegations. Plaintiff asks that the Court "Remove All Restrictions…I Need to Travel…I Need A Drivers License…(No Travel Restrictions) Or Any Other Restrictions…I Need To Be President Of The United States One Day!" (*See id.* at 7).

Under 28 U.S.C. § 1915(e)(2)(B), the Court has identified several issues with Plaintiff's Complaint. First, although Plaintiff's Complaint is "short and plain," *see* Fed. R. Civ. P. 8(a)(2), it does not provide fair notice of his claim or the facts underlying it, as required by Rule 8(a). "[I]n the Ninth Circuit, '[f]ailure to comply with [Rule 8(a)(2)'s fair-notice requirement] constitutes an independent basis for dismissal of a complaint even if the claims in a complaint are not found to be wholly without merit." *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-CV-0424-BAS-DDL, 2022 WL 17330467, at *14 (S.D. Cal. Nov. 29, 2022) (alterations in original) (quoting *Woulldar v. Contreras*, No. CV 17-08298-R-JDE, 2017 WL 6343549, at *2 (C.D. Cal. Dec. 11, 2017), and collecting cases). "[T]o survive Rule 8(a)(2), a complaint must provide fair notice of what plaintiff's claim is and the grounds upon which it rests in order to enable the [defendant] to answer and prepare for trial, and to identify the nature of the case." *Id.* at *15 (second alteration in original and internal quotation marks omitted) (quoting *Middleton v. United States*, No. 10-CV-6057 (HFB)(ETB), 2012 WL 394559, at *2 (E.D.N.Y. Feb. 7, 2012)) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2022)). Being prevented from "Travel[ing] To Run For President Of The United States" does not constitute a sufficient factual basis to allege a violation of Plaintiff's First Amendment Rights.

Second, because Plaintiff asks the Court to "Remove All Restrictions" placed upon him by the state court in appointing a conservator, this Court cannot adjudicate Plaintiff's claims. To the extent the state court has entered a judgment against Plaintiff, the Court lacks subject-matter jurisdiction over Plaintiff's claim under the *Rooker-Feldman* doctrine.

*See, e.g.*, *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."); *Sussman v. Scripps Mercy Hosp.*, No. 3:22-CV-00036-BTM-DDL, 2023 WL 1092317, at *3 (S.D. Cal. Jan. 27, 2023). If the state court proceedings are ongoing, the Court must abstain from interfering in them pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See, e.g.*, *Maier v. Orosco*, No. EDCV 12-1122 GAF AJW, 2012 WL 5425831, at *2 (C.D. Cal. Aug. 30), *report and recommendation adopted*, 2012 WL 5305462 (C.D. Cal. Oct. 25, 2012) ("Federal district courts have abstained from exercising subject matter jurisdiction when conservatorship proceedings are ongoing under California law."). In either event, the proper forum for Plaintiff to voice his concerns is the state court system.

Finally, Defendants both have immunity. Not only is the Mental Health Division of the San Diego Superior Court entitled to immunity under the Eleventh Amendment, which prohibits federal courts from hearing suits brought against a nonconsenting state or arm of the state—including the state's Superior Courts and its employees, *see Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); *see also Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."), but Plaintiff's conservator, Defendant Amber Irvine, is entitled to quasi-judicial immunity. *See McCann v. Taleff*, 828 F. App'x 461, 463 (9th Cir. 2020) (citing *In re Castillo*, 297 F.3d 940, 947–48 (9th Cir. 2002); *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978)). Accordingly, Plaintiff's claims are subject to dismissal under § 1915(e)(2)(B)(iii) because Plaintiff seeks relief against defendants who are immune.

For all these reasons, the Court *sua sponte* **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Furthermore, because it does not appear that Plaintiff can allege any additional facts to cure the above-identified immunity

and jurisdictional defects, the Court **DENIES** leave to amend. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (*citing Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)) ("A district court does not err in denying leave to amend where the amendment would be futile.").

## CONCLUSION

For all these reasons, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Although dismissal is without prejudice, the Court **DENIES** leave to amend.

**IT IS SO ORDERED.**

Dated: October 20, 2026



Honorable Todd W. Robinson
United States District Judge